UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLAIRE METCALF | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 11-1627 |
| | * | |
| HEWLETT-PACKARD COMPANY | * | SECTION "L" (4) |

## ORDER & REASONS

Before the Court is a Motion to Remand to State Court (Rec. Doc. No. 17) filed by Claire Metcalf. The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, the Motion to Remand to State Court is granted.

## I. BACKGROUND

This case arises out of injuries allegedly sustained by Plaintiff Claire Metcalf on June 1, 2010. Plaintiff avers that on that day, she was working on her laptop computer when it overheated without warning, causing her burns that required emergency treatment. Plaintiff avers that the laptop was designed, manufactured, assembled, and sold by Defendant Hewlett-Packard, and that the laptop was subject to "an unknown national recall and/or a product of defective nature." On May 11, 2011, Plaintiff filed suit against Defendant in 22nd Judicial District Court of St. Tammany Parish, seeking to recover damages for severe physical pain, permanent disfigurement and scarring, mental anguish, and monetary losses.

On July 12, 2011, Defendant removed to this court, and filed answer. Defendant denies liability and asserted several affirmative defenses, including comparative negligence and failure to mitigate damages.

## II. PENDING MOTIONS

1

Plaintiff has now filed a Motion to Remand to State Court. Plaintiff asserts that remand is proper, as all actual incurred compensatory damages are less than $75,000.00. Plaintiff contends that Defendants were aware that this matter was assessed under the jurisdictional limit, and that nowhere in her Complaint does she alleges anything more than such limit.

Defendant has filed a response, averring that it has no opposition to the Motion to Remand. Defendant submits that the parties have come to an agreement that Plaintiff will limit her damages to $75,000.00, even if more is awarded at trial, and that therefore, this case is properly remanded to state court. Defendant has filed a stipulation of damages, signed by Plaintiff, as evidence of this agreement.

### III. LAW AND ANALYSIS

#### A. Standard of Review for Motions to Remand

Diversity jurisdiction requires complete diversity of citizenship and more than $75,000 in controversy. 28 U.S.C. § 1332(a). "Louisiana prohibits plaintiffs from petitioning for a specific monetary amount" and the Fifth Circuit employs a specific framework for analyzing motions to remand to Louisiana state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* The defendant may satisfy its burden by either: (1) showing that it is facially apparent that the claim is likely to exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. Id. "Where the district court is making the 'facially apparent' determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy [is] likely to exceed $[75,000]." *Allen*

*v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). "In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Id.*

If a defendant satisfies its burden, the district court has jurisdiction unless it is apparent to a legal certainty that the plaintiff's claim is actually for an amount of $75,000 or less. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Plaintiffs can show to a legal certainty that a claim is less than the jurisdictional amount by filing with their complaint a binding stipulation or affidavit "stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold." *Ditcharo v. United Parcel Svc., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010); *Manguno*, 276 F.3d at 724; *De Aguilar*, 47 F.3d at 1412 & n. 10.

**B. Analysis**

As part of its petition for removal, Defendant averred that this Court had diversity jurisdiction because there was complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeded $75,000.00. However, in conjunction with her Motion to Remand, Plaintiff has filed a binding stipulation that she seeks less than the jurisdictional threshold. Furthermore, Defendant has asserted that it has no opposition to the pending motion. Therefore, because the parties have agreed that the amount in controversy is less than $75,000.00, the Court must find that diversity jurisdiction does not exist. Accordingly, the case must be remanded to state court for further proceedings.

**IV. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand to State Court (Rec. Doc. No.17) is **GRANTED**.

New Orleans, Louisiana, this 25th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE